

U.S. Department of Justice

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*     *John Joseph Moakley United States Courthouse*
                                     *1 Courthouse Way*
                                     *Suite 9200*
                                     *Boston, Massachusetts 02210*

September 21, 2010

R. Bradford Bailey, Esq.
Jeffrey A. Denner, Esq.
Four Longfellow Place, 35th floor
Boston, MA 02114

    Re:   U.S. v. Karen M. Tucker

Dear Messrs. Bailey and Denner:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Karen M. Tucker ("Defendant"), in the above-referenced case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Information attached to this Agreement charging her with: one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. Defendant expressly and unequivocally admits that she committed the crimes charged in the Information, did so knowingly, and is in fact guilty of those offenses.

    The U.S. Attorney agrees not to charge Defendant with money-laundering in violation of 18 U.S.C. § 1956, based on conduct underlying the crimes charged in this case, or with making false statements in violation of 18 U.S.C. § 1001, based on Defendant's statements to the FBI at the time of her arrest.

    Defendant admits to the accuracy of the facts articulated in the affidavit filed to obtain a complaint in *United States v. Karen M. Tucker*, No. 10-MJ-00964-MBB, with the exception of those facts set out in paragraph 3 of the Stipulated Supplemental Statement of Facts, which is attached to this plea agreement and will be filed with the plea agreement in court.

2. <u>Penalties</u>

Defendant faces the following minimum mandatory and maximum penalties:

For the count of wire fraud, Defendant faces incarceration for a period of 20 years; supervised release for a period of 3 years; a fine of $250,000, or twice the gross gain/loss, whichever is greatest; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

For the count of aggravated identity theft, Defendant faces incarceration for a minimum mandatory and maximum period of 2 years, on and after any sentence of incarceration imposed for the count of wire fraud; supervised release for a period of 1 year; a fine of $250,000, or twice the gross gain/loss, whichever is greatest; restitution; and a mandatory special assessment of $100.

Defendant also recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel or the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms her decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory mandatory minimum and maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

The parties agree with respect to the application of the United States Sentencing Guidelines that:

(i) with respect to Count 1 of the Information, in accordance with U.S.S.G. § 2B1.1(a)(1), Defendant's base offense level is 7, because the wire fraud count carries a statutory maximum term of imprisonment of 20 years or more;

(ii) in accordance with U.S.S.G. § 2B1.1(b)(1)(E), Defendant's offense level is increased by 8, because the loss, as currently estimated, is more than $70,000

            and no greater than $120,000, which includes losses from the Ohio; Maryland; Nevada; Florida; Massachusetts; and Texas phases of the scheme to defraud charged in the Information;

(iii)    in accordance with U.S.S.G. § 2B1.1(b)(2)(B), Defendant's offense level is increased by 4, because the current estimated number of victims is more than 50 but less than 250;

(iv)    in accordance with U.S.S.G. § 2B1.1(b)(9)(A),(C), Defendant's offense level is increased by 2, because Defendant used sophisticated means by operating and relocating her scheme in various jurisdictions to evade law enforcement and using fictitious entities to mask her involvement in the offenses;

(v)    in accordance with U.S.S.G. § 3C1.1 comment. (nn.4(g), 5(b)), Defendant's offense level is not increased by 2 levels, because the false statements that Defendant made to law enforcement during her consensual interview at the time of her arrest did not significantly obstruct or impede the official investigation or prosecution of the instant offenses; and

(vi)    with respect to Count 2 of the Information, in accordance with U.S.S.G. § 2B1.6 (aggravated identity theft) and 18 U.S.C. § 1028A, Defendant is subject to an additional mandatory 24-month sentence for Count 2 (aggravated identity theft), to be served consecutive to the sentence for Count 1 (wire fraud).

    The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. § 4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise changes after her indictment in this case. Thus, for example, the U.S. Attorney may contend that an upward departure under § 4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

    In the event Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Sentencing Guideline range based on her medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and her experts (including medical personnel of the Bureau of Prisons) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in her possession. In addition, Defendant will authorize her care providers to discuss her condition with the U.S. Attorney and her agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons).

In addition, Defendant agrees that she will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind concerning her medical, mental, or emotional condition on which she intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived. Moreover, any basis for sentencing with respect to which defendant has not made the discovery described in the prior paragraphs in a timely manner shall also be deemed waived.

The U.S. Attorney reserves the right to oppose Defendant's argument(s) for a departure or a sentence outside the Guidelines under the factors set forth in 18 U.S.C. § 3553(a).

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit her conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about her financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; or

   (j)  Attempts to withdraw her guilty plea.

  Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

  Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

  4.  <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the Court:

   (a)  incarceration at the low end of the Sentencing Guideline range determined by parties' guideline stipulations in Paragraph 3 for Counts 1 and 2, including Count 2's minimum mandatory consecutive sentence;

   (b)  a fine within the Sentencing Guideline range determined by parties' guideline stipulations for Counts 1 and 2, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

   (c)  36 months of supervised release;

   (d)  mandatory special assessment in the amount of $200;

   (e)  restitution, as set forth below; and

   (f)  forfeiture, as set forth below.

  Defendant agrees to recommend that Defendant be incarcerated for no less than 36 months and no more than 57 months and that she pay no fine because she is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine. Defendant also agrees to recommend that the same term of supervised release, mandatory special assessment, restitution, and forfeiture as the United States Attorney agrees to recommend.

  Defendant agrees that she will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which she intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which she has an interest without prior express written consent of the U.S. Attorney, except for:

(a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $1,000;

(b) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom she owes a legal duty of support, so long as such assets do not exceed $2,000 per month; and

(c) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing are satisfied in full.

Defendant further agrees that, prior to sentencing, she will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

(a) Defendant has conferred with her attorney and understands that she has the right to challenge both her conviction and her sentence on direct appeal. Defendant also understands that she may, in some circumstances, be able to argue that her conviction and/or sentence should be set aside or reduced in a collateral challenge, such as pursuant to a motion under 28 U.S.C. § 2255 or 18 U.S.C. § 3582(c).

(b) Defendant waives any right she has to challenge her conviction on direct appeal or in collateral challenge.

    (c)    Defendant agrees that she will not file a direct appeal nor collaterally challenge any imprisonment sentence of 81 months or less. Defendant further agrees that she will not file a direct appeal nor collaterally challenge any sentence of restitution of $120,000 or less. These provisions are binding even if the Court employs a Guidelines analysis different from that set forth in this Agreement.

    (d)    The U.S. Attorney likewise agrees that, regardless of the analysis employed by the Court, the U.S. Attorney will not appeal any imprisonment sentence of 57 months or more.

8.     <u>Other Post-sentence Events</u>

    (a)    In the event that, notwithstanding the waiver provisions of Paragraph 7(c), Defendant appeals or collaterally challenges her sentence of imprisonment or restitution, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court, in addition to arguing that any appeal or collateral challenge is waived as a result of the waiver in Paragraph 7.

    (b)    If, notwithstanding the waiver provision of Paragraph 7(c), Defendant seeks re-sentencing, she agrees that she will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of Defendant's original sentencing, except to the extent that she has been found actually factually innocent of a prior crime. Thus, for example, Defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing unless she has been found actually factually innocent of that prior crime.

    (c)    In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this Agreement.

9.     <u>Court Not Bound by Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw her plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw her plea because the U.S. Probation Office or the Court declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the

event that the Court declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any subsequent appeal or collateral challenge.

10.   Restitution

The parties agree that Defendant must and will make restitution to the victims of her scheme to defraud, which includes the victims of the scheme to defraud in and around, at a minimum, Columbus, Ohio; Baltimore, Maryland; Las Vegas, Nevada; Miami, Florida; Boston, Massachusetts; and Dallas-Ft. Worth, Texas. The parties further agree that the class of victims includes, without limitation: (a) any business or person who paid Defendant or Defendant's agents any fees for services offered in the scheme to defraud; (b) any business or person who was not complicit in the scheme but whom Defendant or Defendant's agents hired to perform work to promote or complete the scheme, if the business or person was not paid in full for work performed; (c) any persons whose identities that Defendant or Defendant's agents stole and used to promote or complete the scheme; and (d) any business that Defendant or Defendant's agents booked to hold a fraudulent bridal or other convention, if the business lost money because it was unable to hold a real convention because it was pre-empted by Defendant's fraudulent reservation.

11.   Forfeiture

Defendant understands that the Court will, upon acceptance of her guilty plea, enter an order of forfeiture as part of her sentence, and that the order of forfeiture may include assets directly traceable to her offense, assets used to facilitate her offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds traceable to the commission of wire fraud. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees that she will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that she will testify truthfully in any such proceeding. In order to assist the United States in locating and forfeiting assets, Defendant shall deliver to the U.S. Attorney within thirty days

after signing this Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest, and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from December 2007 to the present. At the request of the U.S. Attorney, Defendant further agrees to be deposed with respect to Defendant's assets.

Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims she may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

12.     Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

13.     Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of her conduct and her plea of guilty to the charges specified in Paragraph 1 of this Agreement. Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the FBI to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

14.     Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

15.     Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime

following her execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Defendant understands that, should she breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by Defendant, and any information, materials, documents or objects which may be provided by Defendant to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

16.  Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

17.  Complete Agreement

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Scott L. Garland.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: *John T. McNeil* for SPF
JAMES F. LANG,
Chief, Criminal Division
JOHN T. McNEIL
Deputy Chief, Criminal Division

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Karen M. Tucker
Defendant

Date: 9/24/10

I certify that Karen M. Tucker has read this Agreement and that we have discussed its meaning. I believe that she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

R. Bradford Bailey, Esq.
Jeffrey A. Denner, Esq.
Attorneys for Defendant

Date: 9/24/10