UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KAREN TUCKER,<br><br>a/k/a Kay Tucker,<br>a/k/a Jamie Edwards,<br>a/k/a Melissa Hernandez,<br>a/k/a Nancy Davis,<br>a/k/a Kate Miller,<br>a/k/a Hope Michaels,<br>a/k/a Nikki Nguyen,<br>a/k/a Karen Fisher,<br>a/k/a Carol Davis,<br>a/k/a Ann Nichols, and<br>a/k/a Diane Baker,<br><br>**Defendant** | Criminal Case No. 10-CR-10306-RGS |

## STIPULATED SUPPLEMENTAL STATEMENT OF FACTS

The United States Attorney and Defendant Karen M. Tucker (also known by the following aliases: Kay Tucker, Jamie Edwards, Melissa Hernandez, Nancy Davis, Kate Miller, Hope Michaels, Nikki Nguyen, Karen Fisher, Carol Davis, Ann Nichols, and Diane Baker) hereby stipulate to the accuracy of the following statements of facts, which are being submitted to establish a factual basis for Defendant's guilty plea and to establish certain facts in anticipation of the sentencing hearing:

1. The parties agree to the accuracy of the facts articulated in the affidavit filed to obtain a complaint in United States v. Karen M. Tucker, No. 10-MJ-00964-MBB, with the exception of the facts stipulated below.

1

2. When Defendant was arrested at her home on July 27, 2010, she waived her *Miranda* rights, consented to be interviewed by the Federal Bureau of Investigation, and made certain statements.

3. During the interview, Defendant stated that the person identified in the complaint affidavit as CC1 did not knowingly conspire with her or aid and abet her in the scheme. She stated that any acts that CC1 took or allowed to be taken in CC1's name were done in ignorance that Defendant was engaged in a scheme to defraud. She further stated that she told CC1 various things to keep him ignorant that she was engaged in a scheme to defraud.

4. While Defendant was interviewed by the Federal Bureau of Investigation, CC1 gave a consensual interview at Defendant's house to a detective of the Boston Police Department. During this interview, CC1 stated that CC1 did not knowingly conspire with Defendant or aid and abet her in the scheme. CC1 stated that any acts that CC1 took or allowed to be taken in CC1's name were done in ignorance that Defendant was engaged in a scheme to defraud. CC1 further stated that Defendant told CC1 various things to keep him ignorant of the fact that she was engaged in a scheme to defraud.

SO STIPULATED.

|  |  |
|---|---|
| CARMEN M. ORTIZ<br>United States Attorney<br><br>By: *[signature]*<br>Scott L. Garland<br>Assistant U.S. Attorney | KAREN M. TUCKER<br><br>By: *[signature]*<br>R. Bradford Bailey<br>Jeffrey A. Denner<br>Attorneys for Defendant Karen M. Tucker<br><br>By: *[signature]*<br>Karen M. Tucker |