UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO.10-10306-RGS
)
KAREN M. TUCKER, )
a/k/a Kay Tucker, )
a/k/a Jamie Edwards, )
a/k/a Melissa Hernandez, )
a/k/a Nancy Davis, )
a/k/a Kate Miller, )
a/k/a Hope Michaels, )
a/k/a Nikki Nguyen, )
a/k/a Karen Fisher )
a/k/a Carol Davis, )
a/k/a Ann Nichols, and )
a/k/a Diane Baker, )
Defendant. )

**ORDER OF FORFEITURE (MONEY JUDGMENT)**

**STEARNS, D.J.**

WHEREAS, on September 27, 2010, a two-count Information was filed with the Court,

charging defendant Karen M. Tucker, also known by the following aliases: Kay Tucker, Jamie

Edwards, Melissa Hernandez, Nancy Davis, Kate Miller, Hope Michaels, Nikki Nguyen, Karen

Fisher, Carol Davis, Ann Nichols and Diane Baker (the "Defendant") with Wire Fraud in

violation of 18 U.S.C. § 1343 (Count One); and Aggravated Identity Theft in violation of 18

U.S.C. § 1028A(a)(1) (Count Two);

WHEREAS, the Information also contained forfeiture allegations, which provided notice

that, upon conviction of the offenses charged in the Information, the United States would seek

forfeiture of any property, real or personal, that constitutes, or is derived from, proceeds traceable

to the commission of the offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the Information further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such property, pursuant to 28 U.S.C. § 2461(c) incorporating 21 U.S.C. § 853(p);

WHEREAS, on October 4, 2010, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Information pursuant to a written plea agreement (the "Agreement") the Defendant signed on September 24 2010;

WHEREAS, in Section 11 of the Agreement, the Defendant acknowledged that the Court will, upon acceptance of her guilty plea, enter an order of forfeiture as part of her sentence, and that the order of forfeiture may include assets directly traceable to her offense, assets used to facilitate her offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense;

WHEREAS, the Defendant admitted that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds traceable to the commission of wire fraud:

WHEREAS, based on the Defendant's admissions in the Agreement and her guilty plea on October 4, 2010, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant for the amount of proceeds from the Defendant's wire fraud, which proceeds are at least $116,813.62 in United States currency, and accordingly, the United

States is entitled to an Order of Forfeiture for a personal money judgment against the Defendant in the amount of $116,813.62 in United States currency;

WHEREAS, the United States has filed a Motion for Order of Forfeiture that would consist of a personal money judgment against the Defendant in the amount of $116,813.62 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.      The Defendant shall forfeit to the United States the sum of $116,813.62 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.      The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amounts set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4.      The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5.     Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence

pronounced and imposed by the Court at the sentencing hearings, and in the criminal judgments

entered by this Court against the Defendant.

DONE AND ORDERED in Boston, Massachusetts, this 21st day of March , 2011.

RICHARD G. STEARNS
United States District Judge